IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2015 MAY 18 P 4:40
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

BOOTH T JAMES
    Plaintiff(s),

Montgomery Regional v.
AIRPORT AUTHORITY, EXECUTIVE DIRECTOR PHIL PERRY, CHIEF OF POLICE WILLIAM HOWELL
    Defendant(s).

CIVIL ACTION NO. 2:15-cv-332-mHT

JURY DEMAND (MARK ONE)

☒ YES     ☐ NO

## COMPLAINT

1. Plaintiff(s)' address and telephone number: BOOTH T JAMES III
   2072 REXFORD ROAD
   MONTGOMERY AL. 36116

2. Name and address of defendant(s): AIRPORT AUTHORITY
   4445 SELMA HWY.
   MONTGOMERY AL. 36108

3. Place of alleged violation of civil rights: MONTGOMERY REGIONAL AIRPORT

4. Date of alleged violation of civil rights: JULY 25, 2014

5. State the facts on which you base your allegation that your constitutional rights have been violated: SEE ATTACH DOCUMENT

1

6. Relief requested: _____

_____
_____
_____
_____
_____
_____
_____

Date: _05-18-2015_                         _Brett T. Garms III_
                                           Plaintiff(s) Signature

# IN THE UNITED STATES DISTRICT COURT

# FROM THE MIDDLE DISTRICT OF ALABAMA

# NORTHERN

**BOOTH T. JAMES III**

**Plaintiff(s)**

Civil Action No. 2:15-cv-332-MHT

**MONTGOMERY REGIONAL**

**AIRPORT AUTHORITY,**

**AIRPORT EXECUTIVE DIRECTOR**

**PHIL PERRY, AIRPORT CHIEF OF POLICE**

**WILLIAMS HOWELL, etc.**

**Defendants(s)**

## COMPLAINT

I was wrongfully terminated from the Montgomery Airport Authority Police Department on July 25, 2014. I was retaliated against for filing a previous EEOC complaint charge # 130-2004-01121 and blowing the whistle on police misconduct and intentional violation of employee's constitutional rights within the Montgomery Airport Authority, in a letter of grievance forward to the Montgomery Airport Authority Board of Director Members. I have personally witness,

1

heard, seen and experience the Airport Authority Supervisors take deliberate steps to discriminate, retaliate, harass and create a hostile work environment against me and other employees to deny us our constitutional rights, in their official capacity under the color of the law. I have worked for the Montgomery Airport Authority Police Department for approximately 15 years, from May of 1999 until July 25, 2014. I was the Montgomery Airport Authority Police Department 3rd Shift supervisor, with the rank of Police Corporal.

In April of 2013, I met with the Airport Board of Director Chairmen, Chester Mallory at his place of business on Arba St, in Montgomery Alabama. I explained to him about the employee misconduct, wrongdoing harmful to the public, like employee protected Constitutional right to free speech regarding public matters being violated, police misconduct, employee targeting, violation of other employees civil rights, retaliation and police officer stealing passengers property at the Montgomery Regional Airport. At the end of my meeting with Mr. Mallory, I told him I was going to write a letter of grievance. I desperately hoped Mr. Mallory, the chairmen for the Airport Board of Directors, would act in their official capacity to intervene and use his authority to investigate the complaint but I was fired before I could speak to the Airport Authority Board of Directors members.

On October 28, 2013,  I sent a desperate certified letter of grievance to the following listed members of the Montgomery Regional Airport Board of  Directors members:  Chairman: Chester Mallory (b/m), Robert Gould (w/m),  Jerry Kyser (w/m, Jim Ridling (w/m), Jimmy Reynolds (w/m), Larry Dixon (w/m), Ms. Sandra Nickel (w/f), Greg Calhoun (b/m), and Ms. Tamara Knight-Fleming (b/f),to stop the threats of workplace violence against me, blow the whistle about matters of public interest. It a fact, the Airport Police Officers were stealing airport

customers property placed in police impound for years. The property and evidence stolen from police impound came from property seize from TSA checkpoint and property found by customers, who turned the items over to the Montgomery Airport Authority Police Department in good faith. The police officers were the only one who has access to the police inventory. The police computer inventory record was constantly altered to cover up the theft of customer property and evidence seized at TSA checkpoint. The Montgomery Airport Authority Police Department evidence inventory will not match the TSA inventory of the items collected and seized from TSA checkpoint. For years, the property stolen would include jewelry, money, electronic devices, drug paraplegia etc.

Furthermore, I complained about the Airport Chief of Police, William Howell ordering police officers to stop protecting the public, allow criminal activity to occur on airport property even though we were supposed to be in a state of readiness at all time, abuse of authority, intimidation, work place harassment, hostile work environment within the organization, setting employees up and targeting them employees for termination and violating their constitutional rights. I remember on another occasion, I was even asked to help the current Airport Police Administration supervisors help them get rid of the previous Airport Chief of Police, Joseph James. Their primary tactic used against the previous Airport Chief of Police, Joseph James was for the supervisors, under his command, to withhold vital and timely information from him. His lack of knowledge about time sensitive issues and event occurring under his command affected his ability to make quality decision as the Airport Chief of Police. The previous Montgomery Airport Chief of Police, Joseph James was made to look incompetent because information was intentional withheld from him. I refused to support their scheme to undermine the previous, Airport Chief of Police, Joseph James and assist them in targeting black and white Montgomery

Airport Authority employees for job termination, especially selective black female employees. I was ostracized by the other Airport Authority Police Department supervisors because I filed a letter of complaint and I would not assist them in discriminating against other employees.

Montgomery Airport Authority, Executive Director Phil Perry w/m, Chief of Police, Williams Howell b/m, and Sergeant Mac McGill b/m knowingly failed to prevent employment discrimination, harassment, retaliation and a hostile work environment in the work place, in their official capacity aim at the employees under their supervision. They deliberately failed to act, as Montgomery Airport Authority supervisors under color of the law, to protect the employee's constitutional rights, especially rights that they had a moral and legal obligation to do.

I was treated much different than all the other black and white employees and supervisors at the Montgomery Airport Authority. The Montgomery Airport Authority supervisors took steps to use the same tactic on me they used on the previous Montgomery Airport Authority Chief of Police Joseph James, but I was treated much worse. After I sent each Airport Authority Board Members a certified copy of the grievance letter on October 28, 2013, I was put on administrative leave for approximately seven months.

On January 09, 2014, Chief of Police William Howell and Sergeant Mac McGill advised me that they were putting me on administrative leave with pay by orders of Airport Executive Director Mr. Phil Perry. Next, Chief of Police William Howell and Sergeant Mac McGill advised me that they had made an appointment for me to go and see some unknown subject because I wrote a letter of grievance to the Montgomery Airport Board of Directors members. I asked my supervisors why was I being put on administrative leave, what Airport Authority policy were they basing their decision on and who is the person I am instructed to go meet. Chief William

4

Howell and Sergeant Mac McGill refused to answer me, they instructed me to go home and get off airport property.

I complied with the direct order and met with Dr. Karl Kirkland, Clinical & Forensic Psychologists on January 12, 2014. Dr. Karl Kirkland advised me that he was being paid to give me a psychological evaluation at the request of the Airport Authority Administration because I wrote a letter of grievance to the Airport Board of Directors members. I took the entire test given to me by Dr. Karl Kirkland. After the psychologist's evaluation, Dr. Karl Kirkland forwards a copy of the test result to the Airport Authority Administration. Dr. Karl Kirkland reported he did not find anything wrong with me and I was operating at a high level in my field. The Airport Authority, Executive Directors, Phil Perry and his staff was trying to find grounds to discredit my testimony base on a possible negative evaluation from Dr. Karl Kirkland but it did not work out the way they planned.

The Montgomery Airport Authority does not have an employee grievance policy. For years, I pleaded with the Montgomery Airport Authority policy makers to implement and adopt an employee grievance policy, a slander and malicious gossip policy, a workplace violence policy and work place harassment policy just like the Montgomery Police Department and the Montgomery County Sheriff Department. Furthermore, I have asked the Airport Authority Administration policy makers to allow the Montgomery City County Personnel Board, Internal Affairs Division to conduct investigation regarding misconduct within the Montgomery Airport Authority organization to prevent any form of bias but they just ignored me. My work environment work place environment became very degrading and oppressive. The Montgomery Airport Authority Administration treated me like all my constitutional rights had been forfeited

5

when I filed a previous EEOC complaint and blew the whistle on the abuse occurring within the and violation of public trust.

Prior to being wrongfully terminated on July, 25, 2014, I have never been written up for any disciplinary problems, rule or regulation violating, policy violation, procedure violation. Also, I have never received a write up for police misconduct, poor job performance, bad attitude or a poor supervisor evaluation in my 15 years of employment. In fact, the Montgomery Airport Authority Police Department Administration utilized my years of law enforcement experience and training to train all of their incoming Police Officer from 2002 until January of 2014. In addition, I trained all the police officers and supervisors in firearm efficiency because I was the certified FBI, Federal Bureau of Investigation, and Firearm Instructor, prior to my job termination.

Montgomery Airport Authority Chief of Police Williams Howell openly boasted about getting rid of me and other employees in his official capacity. My work environment was intentionally manipulated by Chief of Police William Howell and his assistant Mac McGill in an effort to force me to resign. I sent several message to the Human Resources Supervisors, Mark Wnuk over the years about work place harassment, threats of violence, supervisor abuse and retaliation but I never got a response back. Airport Chief of Police William Howell intercepted by last correspondence to the Human Resource supervisor Mark Wnuk and ordered me not to talk to the Human Resource Manager, Mark Wnuk or anyone in authority. In fact, he instructed me to give any complaints that I may have to him so that he and Sergeant Mac McGill could sensor the complaint and determine whether it should be sent up the chain of command. Montgomery Airport Authority Chief of Police, Williams Howell continued to boast that I would not be

employed with the Montgomery Airport Authority Police Department in the presence of fellow employees. I was accuse of being a trouble maker and he was looking for my replacement as 3rd shift supervisor and as the FBI Firearm instructor. The Airport Authority Executive Director, Phil Perry failed to train Airport Authority Chief of Police William Howell how not to violate employee civil and constitutional rights in his official capacity. Airport Authority Chief of Police, William Howell was very hostile toward employees; he had a habit of using his position to cut employees conversation off. Employees who had a complaint could not talk to Airport Authority Chief of Police, William Howell.

Prior to being wrongfully terminated, I have experience hindrance to job advancement, employee who I trained were promoted over me, I have experience intimidation, harassment, increase surveillance, and retaliation for filing a charge of discrimination and participating in discrimination proceeding. Also, I experience coercion to deter me from pursuing my legal right and testifying on behalf of employees who threaten to file an EEOC complaint because their protected rights were being violated by the Airport Authority Police Department supervisors.

Exercising my Constitutional right prompted my employer to act and his action had adverse consequence for my lost of job, income and promotion opportunities. The Montgomery Airport Authority exercised no restraint in how far they would go to set me up for job termination, whether it be by physical coercion, violating my protected rights or manipulating my work environment, intentionally slander of my name, hostile work environment, work place harassment, supervisor negligence, intimidating witnesses, abuse of power, coercion and fabricating reason to fire me. The hostile work environment and the unwanted hateful work place harassment were severe enough to create an environment that affected every portion of my

employment. I was offended, hurt, felt degraded, felt abuse and disrespected because I was being treated different than the black and white employeet. Furthermore, I experience fear of going to work because of the intimidating, offensive, threats of physical workplace violence and oppressive atmosphere generated by my supervisors. I took off work more than I normally would because my health was being affected due to the work place harassment and hostility forced upon me. I had to go to the doctor because of the unwanted employment discrimination, harassment and stress forced upon me. The employment discrimination promoted a sense of inferiority that limits my opportunities in life. I had constant chest pain and headaches at work because of the employment abuse.

During my tenure as a Montgomery Airport Authority Police Supervisors, I have personally experience threats of violence from Airport Authority employees who threaten to physically man handle me, to employee showing me pictures of a dead body designed to intimidate me, group of white officers challenging me to a fight, black officers challenging me to a fight because my constitutional right and employee right were not protected by the Montgomery Airport Authority Administration.

Also, I have witness, heard and experience my fellow supervisors encourage police officers to beat my ass. I have experience police officers pointing their finger at the back of my head and motion as if he was shooting a gun. I was constantly experiencing the negative effect of false statement made against me, experiencing harassment, hostile work environment, retaliation, facing supervisors spreading false rumors about me among fellow employees, experiencing employees acting on the false rumors and challenging me to a fight. I have witness; supervisors accuse me of being a trouble maker, spreading rumors that I am crazy, spreading rumors about a

bet within the Montgomery Airport Authority organization that an employee would be rewarded if they found a way of getting rid of me. I was treated with hostility because I filed a previous EEOC complaint against the Montgomery Airport Authority, Executive Director Phil Perry and I blew the whistle in a current letter of grievance to the Airport Board of Directors Members. My reputation was affected because of the slander and I suffered emotional and psychological trauma.

Airport Authority Police Department supervisors spoke false statement about me with the intent of harming and slandering my reputation. Their false statement actually caused me harm, which contribute to fellow Airport Authority employees assisted in creating a hostile work environment against me (non ranking employees were repeating the false statement made against me they heard from the Airport Authority supervisors) and the false statement contributed to non ranking employees making threats of violence against me and it caused me to lose my job. My fellow employees jump on the band wagon to contribute to my employment termination, hostile work environment and harassment because my fellow supervisors spread the rumor that whoever assisted them in getting rid of me would be promoted. For example, Police Officer Curtis Parker was employed with the Montgomery Airport Authority Police Department for less than two months, he wrote a false complaint against me accusing me of being crazy and I need to be checked by a psychologist. He was repeating the exact false rumors my supervisors had spoken months before he was hired. Other employee had their mind changed against me and treated my job termination as an opportunity to advance within the organization. There are witnesses who can support my civil right claim and the Airport Authority employee manual will prove they do not have an employee grievance system.

My fellow Airport Authority supervisors directed their slanderous statement against me in front of other employees. The rumor was the Airport Authority Director, Phil Perry wanted me gone for filing a previous EEOOC against the administration. However, their false speech had nothing to do with the First Amendment of the U.S Constitution, freedom of speech or regarding employment evaluation. The Constitution does not give them legal right to ruin my life by broadcasting lies about me among fellow employees. It was shameful, for me to deal with the mental abuse, constant criticism, name calling and routine manipulation of my work environment by my immediate supervisors. The constant threat of harassment, retaliation and threat of work place violence and abuse cause me a lot of anxiety and stress. They made derogatory remarks that I was a crazy ass nigger who think he has the same rights and white folks. I was called a faggot in an effort to provoke me into a physical fight with other employees, so the Airport Authority supervisors would have grounds to terminate my employment. I was treated completely different than the other black and white supervisors. I was working on a job where it was rumor that I would be fired sooner or later. I had a employee tell me that she would not be surprise if someone walked into the Montgomery Regional Airport and shoot me dead. The previous EEOC complaint and the current letter of grievance written to the Airport Authority Board of Directors had a direct impact on my employer decision to terminate my job because I was a whistle blower. The Montgomery Airport Authority Executive Director, Phil Perry had past knowledge of a violent threats and confrontation made against me according to the court reporter records during my disciplinary hearing. Again, I had pleaded for years for the Montgomery Airport Authority policy makers to implement a work place violence policy but he refused.

Everyone in authority turned a blind eye to the abuse, I was left with wrongful termination and my voice was silence by the administration. There was no investigation from the Airport Board of Directors even though they were notified of the abuse and employment discrimination by certified mail. The Airport Authority Executive Director, Phil Perry is responsible for the civil right violation and the pain, suffering and job lost that has been forced upon me.

The Airport Authority Administration violated my Fifth Amendment and Fourteenth Amendment right to the Constitution of the United States by denying me equal protection of the law, due process, life, liberty and property. The Airport Authority Administrations violated my Civil Rights in violation of Title 41 U.S. Code, Sec. 1983 under the color of the law in their official capacity and they retaliated against me for filing a previous EEOC complaint and for writing a grievance letter to the Airport Board of Directors Members. My termination was related to my constitutional right regarding freedom of speech regarding misconduct of public servants, police officers.

Also, I was discriminated against in regard to Airport Authority employment practices because of a previous EEOC Complaint I filed against the Montgomery Airport Authority for racial and employment discrimination. In violation of 42 U.S.C. §§ 1981, 1981a, 1983, 1988 - Nineteenth Century Civil Rights Acts , I suffered workplace harassment and intentional race base discrimination in the work place for filing a previous EEOC discrimination claim in 2004. I also suffered employment discrimination under 42 U.S.C. Chapter 21- Title VII of the Civil Rights Act of 1964. The employers, Montgomery Airport Authority engage in interstate commerce with more than 15 employees. The Montgomery Airport Authority illegally infringe upon my civil

11

rights, conspired to deprive me of my civil rights and abuse their authority and public office to accomplish such unlawful acts.

On my date of my disciplinary hearing, I advised the Airport Authority Director, Phil Perry that I had nothing against him or the Airport Authority Board of Directors members because I was afraid of losing my job. I was at a disadvantage because my employers did not recognize my Constitutional rights and I was ordered not to speak to the Human Resource manager for fear of disciplinary action. I had already experience Airport Authority supervisors abuse their authority; intimidate witnesses, isolation, employment discrimination, slander and accused of being crazy. The lack of accountability created a negative snowball affect against me that cost me my job and reputation. I was put on administrative leave for approximately seven month before my job was terminated. I had a vested interest in the success of the Montgomery Regional Airport because I worked for the organization and I had approximately five years left with the Airport Authority Police Department before I could retire. I work and live in the community and I wanted the organization to succeed in the best interest of the community. Even though the buck stops with the Airport Authority, Executive Director, Phil Perry, there is no accountability, responsibility or ownership for supervisors being held accountable for violating employee protected rights. All of my performance reviews were positive before I was suddenly terminated without cause.

_____, PRO SE

BOOTH T. JAMES III

2072 REXFORD ROAD

MONTGOMERY ALABAMA

36116

PHONE NUMBER (334)277-3391