**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| BOOTH T. JAMES, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:15-cv-00332-MHT-WC |
| MONTGOMERY REGIONAL | ) | |
| AIRPORT AUTHORITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

COME NOW Defendants Montgomery Airport Authority[1], Executive Director Phil Perry and Police Chief William Howell (collectively "Defendants") and file this Memorandum in Support of the Motion to Dismiss the Complaint filed by Booth T. James, III ("Corporal James" or "Plaintiff").

Corporal James is essentially a professional plaintiff.  Certainly, this lawsuit was not unexpected, as Corporal James has previously sued the Airport Authority, Director Perry and a former Police Chief in 2004 in this same Court (CV-04-A-1122-N (M.D. Ala.)).  Corporal James also twice sued his prior employer, the Montgomery Police Department (CV-94-T-264-N (M.D. Ala.); CV-96-T-802-N (M.D. Ala.)).

Plaintiff's Complaint is a rambling 12 page, single spaced, narrative of factual inaccuracies and fantasy, none of which state a claim.  There are no numbered paragraphs, and the Complaint is one long stream of disconnected sentences.  There are no distinctive counts, and no identification

---

[1] The Montgomery Airport Authority is incorrectly named in the Complaint.

of any specific basis for a claim against any of the Defendants, especially the individual Defendants. It is simply not possible for Defendants to answer or plead to such a "complaint." The Complaint does not conform to any pleading standard, and it is impossible to discern exactly what Corporal James is claiming. See e.g. Bell Atlantic v. Twombly, 550 U.S. 444; 127 S.Ct 1955; 167 L.Ed.2d. 929 (2007). Plaintiff has alleged, or mentioned, virtually every theory or catchphrase that he can think of, regardless of any facts to support such allegations. For example, Corporal James makes the following statements on page 11:

> Also, I was discriminated against in regard to Airport Authority employment practices because of a previous EEOC Complaint I filed against the Montgomery Airport Authority for racial and employment discrimination. In violation of 42 U.S.C. §§ 1981, 1981a, 1983, 1988 - Nineteenth Century Civil Rights Acts , I suffered workplace harassment and intentional race base discrimination in the work place for filing a previous EEOC discrimination claim in 2004. I also suffered employment discrimination under 42 U.S.C. Chapter 21- Title VII of the Civil Rights Act of 1964.

Based on various statements in the Complaint, presumably, Defendants could make a guess that, "retaliation" might be one of Plaintiff's claims, but Defendants should not have to guess. Even if Defendants' assumption might be correct, a retaliation claim is factually unsupportable (and facially unbelievable that Defendants somehow "retaliated" against Corporal James in regard to a lawsuit filed 11 years ago). Plaintiff cannot make a prima facie case of retaliation, even if he is alleging such a claim.

In his Complaint, Plaintiff includes individual Defendants, Phil Perry and William Howell (*and also "etc."*). It is unknown what Corporal James' basis for including these individuals is, or what claim he is asserting against them. Phil Perry is the Executive Director of the Airport Authority and William Howell is the Police Chief. Both are employees of the Airport Authority. To the extent that Corporal James is asserting claims pursuant to Title VII, there is no claim against

them individually.  See e.g. Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991); 42 U.S.C. § 2000e.

Defendants recognize that Corporal James is acting pro-se, and that he is entitled to some leeway in the pleading standards.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, he should not be allowed to completely abandon the procedural rules.  There is no basis for the lawsuit, and a suit which states no cognizable claim is due to be dismissed under Rule 12 (b) (6).  Defendants understand that the Court may allow Corporal James to re-plead the Complaint.  To the extent that the Court allows Corporal James to re-plead, he should be required to plead cognizable claims in a manner that can be comprehended, so that Defendants can respond to the claims.

Respectfully submitted this 12th day of June, 2015.

 s/  C. Nelson Gill
C. Nelson Gill (ASB-2247-E62G)
Copeland, Franco, Screws & Gill, P.A.
P. O. Box 347
Montgomery, AL  36101-0347
Phone: (334) 834-1180
Fax: (334) 834-3172
ngill@copelandfranco.com
**Counsel for Defendants**

### CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I served a copy of same on the following Pro Se party, via U.S. Mail, postage prepaid and properly addressed:

Booth T. James (Pro Se)
2072 Rexford Road
Montgomery, AL   36116
(334) 277-3391

 s/  C. Nelson Gill
Of Counsel

3